FILED
United States Court of Appeals
Tenth Circuit

December 5, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ANGELIINA LYNN LAWSON,

    Plaintiff - Appellant,

v.

ANDREW BOLTON, et al.,

    Defendants - Appellees.

No. 25-3215
(D.C. No. 2:25-CV-02251-JWB-TJJ)
(D. Kan.)

_____

**ORDER**
_____

    This matter is before the court *sua sponte* following the opening of this appeal and a review of the district court docket. That review has revealed a potential defect in this court's jurisdiction. Accordingly, the court is considering this matter for summary disposition. 10th Cir. R. 27.3(B).

    In her notice of appeal, Ms. Lawson identifies the district court's November 24, 2025, order, which denied a slew of motions in Case Nos. 25-2171-JWB and 22-2251-JWB, and informed Ms. Lawson that the district court will consider imposing filing restrictions and sanctions against her if she continued to file frivolous motions.

    Generally, this court's jurisdiction is limited to appeals from final orders. *See* 28 U.S.C. § 1291. "[A] 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Cent. Pension Fund*, 134 S. Ct. 773, 779 (2014) (citation omitted). In other words, "[a]

final judgment is one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted).

Here, the district court's November 24, 2025, order did not end the litigation on the merits, nor at all, and the case remains pending before the district court. The order was not a final order; rather, it set the stage for further proceedings. *Hayes Fam. Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1003 (10th Cir. 2017) ("An order that . . . sets the stage for further trial court proceedings is not final.").

Accordingly, **within 21 days of the date of this order**, Ms. Lawson shall file a written response addressing only this issue and why this appeal should not be dismissed for lack of jurisdiction. In the alternative, Ms. Lawson may (1) voluntarily dismiss the appeal, *see* Fed. R. App. P. 42(b); or (2) elect not to file a response to this show cause order, in which case the court will dismiss the appeal without further notice for lack of prosecution, *see* 10th Cir. R. 42.1.

On or before January 5, 2026, Ms. Lawson must enter an appearance in this appeal or cause counsel to enter an appearance on her behalf, *see* 10th Cir. R. 46.1(A).

Finally, briefing on the merits of this appeal is SUSPENDED pending further written order of this court. *See* 10th Cir. R. 27.3(C).

                                                       Entered for the Court

                                                       CHRISTOPHER M. WOLPERT, Clerk