FILED
United States Court of Appeals
Tenth Circuit

December 17, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| ANGELIINA LYNN LAWSON,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>ANDREW BOLTON; THE BOLTON LAW FIRM, LLC; DARRELL ROBINSON; NEISHA MISER; MALIQUE TAYLOR; JENNIFER AGREE; DAN LIVINGSTON; LIVINGSTON CENTER, LLC; DR. RODNEY MCNEAL; BOARD OF COUNTY COMMISSIONERS OF ANDERSON COUNTY, KANSAS,<br><br>    Defendants - Appellees. | No. 25-3215<br>(D.C. No. 2:25-CV-02251-JWB-TJJ)<br>(D. Kan.) |

_____

**ORDER**
_____

Before **PHILLIPS**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

    Angeliina Lawson seeks to appeal a district court order denying her multiple motions seeking to disqualify and replace the district judge and the magistrate judge, her motion for a temporary restraining order, her motion for a protective order related to alleged procedural irregularities in the district court case and a prior appeal in this case, her Rule 60 motion alleging fraud on the court, and her motion for discovery sanctions. This matter comes before us now on Ms. Lawson's response to this court's order to show cause why this interlocutory appeal should not be dismissed for lack of jurisdiction

because the order appealed is not a final appealable order. Ms. Lawson recognizes that the district court has not entered a final judgment but she argues that "jurisdiction lies under 28 U.S.C. § 1291 by way of the constructive finality doctrine, the collateral order doctrine, and the practical termination of her access to court as a disabled litigant." Resp. at 1.

Generally, this court's jurisdiction is limited to review of final decisions of the district courts. 28 U.S.C. § 1291. As the court explained in the order to show cause, a final decision is "one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted).

In this case, the district court has not disposed of any of Ms. Lawson's claims. On August 8, 2025, the assigned magistrate judge denied Ms. Lawson's motion to compel issuance of summons, explaining that the district court had not yet conducted its pre-service review of her complaint. Doc. No. 14 at 1. The district court still has not conducted that review, and the underlying case is ongoing. Thus, this court lacks jurisdiction under 28 U.S.C. § 1291. Ms. Lawson has not explained why the denial of her various motions would be effectively unreviewable in an appeal following final judgment, a requirement of the collateral order doctrine. *See Gray v. Baker*, 399 F.3d 1241, 1245 (10th Cir. 2005) (setting forth the requirements to establish jurisdiction under the collateral order doctrine). And we have questioned the continued viability of the constructive—or pragmatic—finality doctrine outside the context of an administrative remand. *See New Mexico v. Trujillo*, 813 F.3d 1308, 1317-18 (10th Cir. 2016) (noting this court has been leery to apply the pragmatic finality doctrine). At any rate, Ms.

2

Lawson has not shown circumstances that warrant application of that doctrine in this case. *Id.* at 1318 (stating that "to the extent this doctrine is still recognized, it must be invoked only in truly unique instances, and not when the dispute can be adequately reviewed on appeal from final judgment"). In short, Ms. Lawson has not established this court's jurisdiction to review the district court's interlocutory order. *United States v. Solco I, LLC*, 962 F.3d 1244, 1249 (10th Cir. 2020) (noting that the appellant "bears the burden of establishing our appellate jurisdiction").

      Ms. Lawson's motion for leave to file electronically in this appeal is denied. This appeal is dismissed for lack of jurisdiction.

                                                        Entered for the Court

                                                        Per Curiam